**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3050
_____

SOLISHUM SUMER SHIELDS,
                                        Appellant

v.

RYAN WIEGAND, East Lampeter Township Police Ofc.; ALEXANDER BARRY,
Lancaster State Police Officer; JOSHUA LINAMEN; JAMES WISNIESKI; COLTON
DEMBERGER, Avondale State Police Officer; EAST LAMPETER TOWNSHIP;
MICHAEL DUGAN, Lancaster State Police Officer; KYLE SCHILTZ, Avondale State
Police Officer

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:20-cv-02999)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 22, 2025
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: October 31, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Solishum Sumer Shields filed suit under 42 U.S.C. § 1983 alleging that his civil rights were violated during a 2019 police pursuit that ended in his hospitalization and arrest.[1]  In the operative amended complaint, he named as defendants East Lampeter Township and Officer Ryan Wiegand (the "Township Defendants"); and Pennsylvania State Police Officers James Wisnieski, Michael Dugan, Alexander Barry, Joshua Linamen, Colton Demberger and Kyle Schiltz (the "Commonwealth Defendants").  He raised claims of excessive force in violation of the Fourth Amendment, false arrest, failure to train, cruel and unusual punishment in violation of the Eighth Amendment, and assault and battery.

The Township Defendants and Commonwealth Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The District Court dismissed the Eighth Amendment and false arrest claims against all defendants and dismissed the failure-to-train claim against the Township.  The parties proceeded to discovery on the assault-and-battery, excessive-force, and failure-to-intervene claims.

Over the course of the next several months, however, Shields failed to answer interrogatories and document production requests, failed to provide authorizations for relevant medical records, failed to appear for his noticed deposition, and ignored court orders.  As a result, the defendants jointly moved for sanctions, asking the District Court

---

[1] Shields ultimately pleaded guilty to fleeing and eluding a police officer in violation of 75 Pa. Cons. Stat. § 3733(a), and driving under the influence in violation of 75 Pa. Cons. Stat. § 3802(d)(3). Commonwealth v. Shields, No. CP-15-CR-0004375-2019 (Pa. Ct. Com. Pl.).

to dismiss the complaint with prejudice under Federal Rule of Civil Procedure 41(b). Following a hearing at which Shields failed to appear, the District Court concluded that dismissal was warranted under the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). Shields appeals.

We have jurisdiction over the District Court's order dismissing the complaint pursuant to 28 U.S.C. § 1291.[2] We review its dismissal under Rule 41(b) for an abuse of discretion. Hildebrand v. Allegheny Cnty., 923 F.3d 128, 131 (3d Cir. 2019).

Under Rule 41(b), a district court may punitively dismiss an action if a litigant has failed to prosecute or comply with a court order. Before doing so, courts in our Circuit ordinarily must consider the six factors outlined in Poulis: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008) (quoting Poulis, 747 F.2d at 868).

---

[2] Shields also seeks review of the District Court's orders granting the defendants' respective motions to dismiss and the District Court's order granting the Commonwealth Defendants' motion to set aside a default judgment, but we lack jurisdiction to review those orders. See R&C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 659-61 (3d Cir. 2022) (explaining that interlocutory orders do not merge into the final judgment when the final order is a dismissal under Rule 41(b)).

We see no abuse of discretion here.  The District Court analyzed the <u>Poulis</u> factors and concluded that each factor, with the exception of the sixth,[3] weighed in favor of dismissal.  The record supports the District Court's findings.  We refer the parties to the District Court's thorough discussion in its October 28, 2024 Memorandum and need not repeat that discussion here.  The District Court recognized that dismissal is a drastic sanction of last resort, <u>see</u> <u>Poulis</u>, 747 F.2d at 867–68, 869, but concluded that dismissal was warranted in light of Shields's repeated refusal to provide the defendants with discovery that was unquestionably relevant to his claims and necessary for them to prepare a defense.  We discern no abuse of discretion in this conclusion.  <u>See</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) (citation omitted) (explaining that we must afford great deference to a district court's decision to dismiss a complaint).

Accordingly, we will affirm.[4]

---

[3] The District Court found that the sixth <u>Poulis</u> factor (the meritoriousness of the claims) presumptively weighs against dismissal to the extent that some of Shields's claims survived the motion to dismiss.

[4] All pending motions are denied.